## GEORGE A. TAYLOR *vs.* NEW ENGLAND COAL MINING COMPANY.

It is not necessary for persons summoned as stockholders, in an action against a corporation, to file an answer containing a specific denial that the corporation has failed to comply with the statutes of the Commonwealth concerning corporations; but it is incumbent upon a plaintiff, who seeks to charge them with the corporate debts, to prove that the corporation has failed to comply with some one of the requisitions of the statutes, by the omission of which stockholders are rendered liable.

CONTRACT upon a judgment recovered by the plaintiff against the defendants in September 1858. Francis H. Dewey and Edmund Freeman were summoned as stockholders in the defendant corporation, the writ containing, at the end of the declaration, a recital and direction as follows : " And whereas said corporation has failed to comply with the laws of this commonwealth concerning corporations, whereby the stockholders of said company have become individually liable for the debts of the corporation, you are hereby commanded to attach the goods or estate of Francis H. Dewey of Worcester in said county of Worcester, and Edmund Freeman of Springfield in our county

of Hampden; who now are, or at the time of contracting the debt in the plaintiff's declaration mentioned were, stockholders in said corporation," &c.; and each of them filed an answer denying that he was a stockholder, or that he was in any way liable to the plaintiff for his claim against the corporation.

At the trial in the superior court, before *Rockwell*, J., it was in dispute whether Dewey was ever a stockholder in the corporation, but it appeared and was specially found by the jury that he was not a stockholder at or after the time when the judgment was recovered. There was evidence tending to show that Freeman had been a stockholder for several years past. There was no evidence that the corporation had failed to comply with the provisions of Rev. Sts. *c.* 38, § 22; and the judge instructed the jury that, in order to warrant a verdict against either of the alleged stockholders, they must be satisfied that there had been some act or omission by the corporation which would render its stockholders liable, under the statutes of this commonwealth, and the burden of proof was on the plaintiff to show this.

The jury returned several verdicts for Dewey and Freeman; and the plaintiff alleged exceptions.

*E. Williams*, for the plaintiff.

*H. Williams*, (*F. H. Dewey* with him,) for Dewey and Freeman.

BIGELOW, C. J.[*] It is clear that Mr. Dewey is not liable as a stockholder for the debt claimed in this action. He had ceased to be a member of the corporation at the time the judgment declared on was rendered. The original debt was thereby merged, and a new debt created, for which those who were not then stockholders were not liable. *Handrahan* v. *Cheshire Iron Works, ante*, 396.

It is equally clear that the plaintiff failed to show that either of the persons summoned as stockholders was chargeable with any debt of the corporation. The statute, by authorizing the

[*] DEWEY, J. did not sit in this case.

stockholders who are summoned in the action to appear and defend it, necessarily imposes on the plaintiff the burden of proving that the persons summoned are stockholders in the corporation, and that as such they are liable for its debts. Although they cannot be allowed to dispute the cause of action, they can defend against the claim of the plaintiff to recover an execution, on which their private property may be taken. But in making such defence they are not bound to prove a negative. It is not incumbent on them to show, in the first instance, either that they are not stockholders, or that the corporation has not omitted to comply with the requisitions of the statute regulating manufacturing corporations, so that the stockholders are not rendered liable for the corporate debts. The affirmation of this issue lies on the plaintiff. He is bound to show that the persons whom he has summoned as stockholders are liable for the payment of the debts of the company. No such proof was offered at the trial of the present case. The plaintiff only proved that Dewey and Freeman were stockholders in the corporation. He failed to offer any evidence that the corporation had in any particular omitted to comply with the requirements of the statute, whereby their stockholders were made liable for the corporate debts.

The error of the plaintiff consists in supposing that the provisions of the practice act, Gen. Sts. *c.* 129, §§ 17, 27, are applicable to a proceeding like the one at bar, and that the omission to file an answer denying in clear and precise terms that the stockholders in the corporation were liable for the debts operated as an admission of that fact. But the provisions above cited are intended only to apply to the actions enumerated in the first section of that chapter, and comprehended within one of the three divisions of actions therein named; namely, actions of contract, actions of tort, and actions of replevin. They do not apply to a case like the present, which is of a peculiar and anomalous character, so far as it is designed to try the question of the liability of stockholders for corporate debts. As to them, it is, properly speaking, neither an action of contract nor an action of tort. It is a proceeding *sui generis,* by which a legal

liability created by statute is sought to be enforced, which does not come within any of the usual forms of actions known to the common law.

Doubtless it was competent for the court before which the suit was pending to order the persons who were summoned as stockholders, and who had appeared to defend, to file a specific statement of the grounds on which they intended to deny their liability. But in the absence of such order, they were not bound to file a definite and precise answer, and their omission to do so could not be construed into any admission of liability. *Exceptions overruled.*